UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL P. TURCOTTE )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PAUL R. LEPAGE )<br>)<br>Defendant, )<br>)<br>) | Civil No.: 11-cv-00312-DBH |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**Argument**

Plaintiff Turcotte's memorandum in opposition to Defendant's motion to dismiss (*Docket Item* 9) fails to refute the two reasons that his complaint is moot: 1) his challenge to the make-up of the Legislative Apportionment Commission created by Joint Order in June, 2011, has been mooted by the Legislature's subsequent enactment of its own reapportionment plan, and 2) enactment of the Legislature's plan without further challenge means the relief Plaintiff seeks -- creation of an alternative "Voter's Apportionment Commission" to undertake the same task -- cannot be granted by this court. In short, the process he is challenging is over, and the end result has become law without challenge. Plaintiff seeks no relief that could alter this result.

Plaintiff reiterates on page 1 of his memorandum that his complaint challenges the alleged "discriminatory make-up (membership) of Maine's Legislative Apportionment Commission (LAC)." (*Docket Item 9*, at 1). That Commission was established by Joint Order of the Legislature in June, 2011. It disbanded upon submission of its final report, on August 31, 2011. The proposals for re-drawing Maine's congressional district lines that the Commission put forward were superseded by the Legislature's enactment, by a two-thirds vote on September 27,

1

2011, of an entirely different redistricting plan -- a plan that became state law when it was signed by the Governor on September 28, 2011.

Plaintiff's claims about the make-up of the Commission were mooted by the Legislature itself adopting a final redistricting plan. Whatever concerns Plaintiff had regarding the role of the Commission created by the Legislature's Joint Order, those concerns are wholly eliminated by the Legislature adopting its own plan. The make-up of the Commission created by the Joint Order, therefore, does not matter now because the Legislature did not adopt the Commission's majority or minority plans.[1]

The relief that Plaintiff seeks in his amended complaint is appointment of an entirely different "Voter's Apportionment Commission" that would develop a proposed congressional redistricting plan and submit it to the Legislature for enactment. (*Docket Item 6*, at ¶¶ 23-46). Since a redistricting plan has now been enacted, and the time period for challenging it has expired, this court cannot grant the relief Plaintiff seeks.

Finally, neither in his complaint nor in his memorandum does Plaintiff set forth a claim challenging the line defining the new congressional districts. Plaintiff had the opportunity to challenge that line before the Maine Supreme Judicial Court, and chose not to do so. Thus, this matter is, by definition, moot.

---

[1] Nor does this complaint conceivably fit under the "capable of repetition, yet evading review" exception to mootness. In order to fall within this exception, "there must be a 'reasonable likelihood that the same issues will imminently and repeatedly recur in future similar contexts,' yet escape review because of their 'fleeting or determinate nature.'" *Ten Voters of City of Biddeford v. City of Biddeford,* 2003 ME 59, ¶ 10, 822 A.2d 1196, 1200 (citation omitted). The voters of Maine have now approved a constitutional provision that sets forth the process to be used following the next federal decennial census in 2020. Const. Res. 2011, ch. 1, *passed in* 2011. Should Plaintiff have concerns with that procedure when it is implemented ten years from now, there will be more than sufficient opportunity for judicial review at that time.

Dated:  November 21, 2011	WILLIAM J. SCHNEIDER
	Attorney General

	/s/ Paul Stern
	PAUL STERN
	Deputy Attorney General
	Office of the Attorney General
	paul.d.stern@maine.gov
	Tel:  (207) 626-8568

	/s/ Phyllis Gardiner
	PHYLLIS GARDINER
	Assistant Attorney General
	phyllis.gardiner@maine.gov
	Tel.  (207) 626-8830

	6 State House Station
	Augusta ME  04333-0006

	Attorneys for Defendant

## CERTIFICATE OF SERVICE

Deputy Attorney General Paul Stern certifies that he served a copy of this Motion to Dismiss and Incorporated Memorandum of Law by Defendant by first-class mail today on the following:

MICHAEL P. TURCOTTE
24 CORTLAND CIRCLE
BANGOR, ME 04401

Dated:  November 21, 2011          WILLIAM J. SCHNEIDER
                                   Attorney General


                                   /s/ Paul Stern
                                   Paul Stern
                                   Deputy Attorney General
                                   Office of the Attorney General
                                   paul.d.stern@maine.gov
                                   Tel:  (207) 626-8568

                                   Attorney for Defendant